1  DANIEL G. BOGDEN
   United States Attorney
2  Nevada Bar No. 2137
   DANIEL D. HOLLINGSWORTH
3  Assistant United States Attorney
   Nevada Bar No. 1925
4  Lloyd D. George United States Courthouse
   333 Las Vegas Boulevard South, Suite 5000
5  Las Vegas, Nevada 89101
   Telephone: (702) 388-6336
6  Facsimile: (702) 388-6787
   E-mail: Daniel.Hollingsworth@usdoj.gov
7  Counsel for the United States of America

8

9

10              **UNITED STATES DISTRICT COURT**

11                  **DISTRICT OF NEVADA**

12  UNITED STATES OF AMERICA,              )
                                           )
13                       Plaintiff,        )
                                           )
14          v.                             )    2:08-CV-1059-RLH (GWF)
                                           )
15  $30,000.00 IN UNITED STATES CURRENCY,  )
                                           )
16  _____Defendant._____ )

17       AMENDED MOTION FOR DEFAULT JUDGMENT OF FORFEITURE

18          Pursuant to Fed. R. Civ. P. 55 and Fed. R. Civ. P. Supp. Rule G(4)(b) and (5), the United

19  States respectfully moves this Court for entry of a default judgment of forfeiture based on the

20  following:

21          1.      The United States filed a Verified Amended Complaint for Forfeiture in Rem on

22  January 29, 2010.  Docket #11.[1]  The Verified Amended Complaint (#11) alleges the defendant

23  property:

24  . . .

25  . . .

26  _____

    [1] The docket # will be to this case.  Where the docket number cites to the criminal case,
    2:09-CR-28-RLH (GWF), CR will be in front of the docket number.

a)   is involved in a transaction or attempted transaction in violations of 18 U.S.C. § 1956(a)(1), or is property traceable to such property, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A);

b)   is involved in a transaction or attempted transaction in violations of 18 U.S.C. § 1956(a)(2), or is property traceable to such property, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A);

c)   is involved in a transaction or attempted transaction in violations of 18 U.S.C. § 1957, or is property traceable to such property, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A);

d)   constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1084 and Nev. Rev. Stat. §§ 199.480, 463.160, 463.430, 464.010, 465.092, and 465.093, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

e)   constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1341, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

f)   constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1343, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

. . .

. . .

. . .

. . .

g)       constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1952(a)(1) and Nev. Rev. Stat. §§ 199.480, 463.160, 463.430, 464.010, 465.092, and 465.093, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

h)       constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1952(a)(3) and Nev. Rev. Stat. §§ 199.480, 463.160, 463.430, 464.010, 465.092, and 465.093, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

i)       constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1955 and Nev. Rev. Stat. §§ 199.480, 463.160, 463.430, 464.010, 465.092, and 465.093, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

j)       constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1956(a)(1), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

k)       constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1956(a)(2), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

. . .

. . .

. . .

3

l) constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1957, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

m) is involved in violations of 31 U.S.C. § 5313, or a conspiracy to commit such violations, or is traceable to any such violations or conspiracy, and is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2); and

n) is involved in violations of 31 U.S.C. § 5324, or a conspiracy to commit such violations, or is traceable to any such violations or conspiracy, and is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2).

2. On February 12, 2010, this Court entered an Amended Order for Amended Summons and Warrant of Arrest in Rem for the Property and Amended Notice and issued the Amended Summons and Warrant of Arrest in Rem for the Property. #12 and #13.

3. Pursuant to the Amended Order (#12), the Verified Amended Complaint (#11), the Amended Order (#12), the Amended Summons and Warrant of Arrest in Rem for the Property (#13), and the Amended Notice of Complaint for Forfeiture (#15, p. 3-4) were served on the defendant property, and the Notice of Forfeiture Action was published according to law (#14). All persons interested in the defendant property were required to file their claims with the Clerk of the Court no later than 60 days after the first day of publication on the United States's official internet forfeiture site, www.forfeiture.gov, or within 35 days of actual notice of this action, as applicable, followed by the filing of an answer to the Amended Complaint within 21 days after the filing of their respective claims. #11, #12, #13, #14, #15, p. 3-4.

4. Public notice of the forfeiture action was given to all persons and entities on the official government internet forfeiture site, www.forfeiture.gov, from February 13, 2010 through March 14, 2010. #14.

. . .

4

5.      On March 9, 2010, the United States Customs and Border Protection served the Verified Amended Complaint, the Amended Order, the Amended Summons and Warrant of Arrest in Rem for the Property, and the Amended Notice by executing them on the defendant property. #15.

6.      On March 19, 2010, the Notice of Filing Proof of Publication was filed. #14.

7.      On March 19, 2010, the Notice of Filing Service of Process was filed. #15.

8.      On February 18, 2009, this Court entered a Plea Memorandum as to Jeffrey Jelinsky in the District of Nevada Court Criminal Case 2:09-CR-28-RLH (GWF), where he agreed to the civil judicial forfeiture or the criminal forfeiture and waived service of process of any documents filed in any action or any proceedings concerning the $30,000.00 in United States Currency.  This Court also entered a Preliminary Order of Forfeiture as to Jeffery Jelinsky forfeiting the $30,000.00 in United States Currency. CR #10 and CR #12.

9.      On February 18, 2009, this Court entered a Plea Memorandum as to Michael Jelinsky in the District of Nevada Court Criminal Case 2:09-CR-28-RLH (GWF), where he agreed to the civil judicial forfeiture or the criminal forfeiture and waived service of process of any documents filed in any action or any proceedings concerning the $30,000.00 in United States Currency.  This Court also entered a Preliminary Order of Forfeiture as to Michael Jelinsky forfeiting the $30,000.00 in United States Currency. CR #11 and CR #13.

10.      On March 31, 2010, this Court entered an Order granting the Settlement Agreement, Stipulation for Entry of Order of Forfeiture as to Barbara Jelinsky, and Order. #19.

11.      On March 31, 2010, this Court entered an Order granting the Settlement Agreement, Stipulation for Entry of Order of Forfeiture as to Leigh A. Jelinsky, and Order. #20.

12.      On March 31, 2010, this Court entered an Order granting the Settlement Agreement, Stipulation for Entry of Order of Forfeiture as to Kristie Gulia, and Order. #21.

13.      No person or entity has filed a claim, answer, or responsive pleading within the time permitted by 18 U.S.C.§ 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4)(b) and (5).

. . .

14.     On April 14, 2010, the United States filed a Request for Entry of Default, Declaration in Support of Request for Entry of Default, and Proposed Default against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action. #22.

15.     On April 16, 2010, the Clerk of the Court entered a Default against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action. #23.

16.     The allegations of the Verified Amended Complaint are sustained by the evidence and should be adopted as findings of fact.  The Court should conclude as a matter of law that the United States is entitled to the relief requested in the Verified Amended Complaint.

17.     The United States requests that an amended default judgment of forfeiture be entered against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action.  A proposed Amended Default Judgment of Forfeiture is submitted herewith.

18.     The United States further requests this Court certify, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure or arrest of the defendant property.

Respectfully submitted this 28th day of April, 2010.

DANIEL G. BOGDEN
United States Attorney


/s/ Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

6

DANIEL G. BOGDEN
United States Attorney
Nevada Bar No. 2137
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
E-mail: Daniel.Hollingsworth@usdoj.gov
Counsel for the United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:08-CV-1059-RLH (GWF) |
| ) | |
| $30,000.00 IN UNITED STATES CURRENCY, ) | |
| ) | |
| Defendant. ) | |

AMENDED DEFAULT JUDGMENT OF FORFEITURE

The United States filed a Verified Amended Complaint for Forfeiture in Rem on January 29, 2010.  Docket #11.[1]  The Verified Amended Complaint (#11) alleges the defendant property:

a)   is involved in a transaction or attempted transaction in violations of 18 U.S.C. § 1956(a)(1), or is property traceable to such property, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A);

b)   is involved in a transaction or attempted transaction in violations of 18 U.S.C. § 1956(a)(2), or is property traceable to such property, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A);

---

[1]  The docket # will be to this case.  Where the docket number cites to the criminal case, 2:09-CR-28-RLH (GWF), CR will be in front of the docket number.

c)    is involved in a transaction or attempted transaction in violations of 18 U.S.C. § 1957, or is property traceable to such property, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A);

d)    constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1084 and Nev. Rev. Stat. §§ 199.480, 463.160, 463.430, 464.010, 465.092, and 465.093, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

e)    constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1341, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

f)    constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1343, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

g)    constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1952(a)(1) and Nev. Rev. Stat. §§ 199.480, 463.160, 463.430, 464.010, 465.092, and 465.093, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

h)    constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1952(a)(3) and Nev. Rev. Stat. §§ 199.480, 463.160, 463.430, 464.010, 465.092, and 465.093, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

2

i)      constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1955 and Nev. Rev. Stat. §§ 199.480, 463.160, 463.430, 464.010, 465.092, and 465.093, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

j)      constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1956(a)(1), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

k)      constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1956(a)(2), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

l)      constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1957, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

m)      is involved in violations of 31 U.S.C. § 5313, or a conspiracy to commit such violations, or is traceable to any such violations or conspiracy, and is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2); and

n)      is involved in violations of 31 U.S.C. § 5324, or a conspiracy to commit such violations, or is traceable to any such violations or conspiracy, and is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2).

It appearing that process was fully issued in this action and returned according to law;

. . .

. . .

3

On February 12, 2010, this Court entered an Amended Order for Amended Summons and Warrant of Arrest in Rem for the Property and Amended Notice and issued the Amended Summons and Warrant of Arrest in Rem for the Property. #12 and #13.

Pursuant to the Amended Order (#12), the Verified Amended Complaint (#11), the Amended Order (#12), the Amended Summons and Warrant of Arrest in Rem for the Property (#13), and the Amended Notice of Complaint for Forfeiture (#15, p. 3-4) were served on the defendant property, and the Notice of Forfeiture Action was published according to law (#14).  All persons interested in the defendant property were required to file their claims with the Clerk of the Court no later than 60 days after the first day of publication on the United States's official internet forfeiture site, www.forfeiture.gov, or within 35 days of actual notice of this action, as applicable, followed by the filing of an answer to the Amended Complaint within 21 days after the filing of their respective claims. #11, #12, #13, #14, #15, p. 3-4.

Public notice of the forfeiture action was given to all persons and entities on the official government internet forfeiture site, www.forfeiture.gov, from February 13, 2010 through March 14, 2010. #14.

On March 9, 2010, the United States Customs and Border Protection served the Verified Amended Complaint, the Amended Order, the Amended Summons and Warrant of Arrest in Rem for the Property, and the Amended Notice by executing them on the defendant property. #15.

On March 19, 2010, the Notice of Filing Proof of Publication was filed. #14.

On March 19, 2010, the Notice of Filing Service of Process was filed. #15.

On February 18, 2009, this Court entered a Plea Memorandum as to Jeffrey Jelinsky in the District of Nevada Court Criminal Case 2:09-CR-28-RLH (GWF), where he agreed to the civil judicial forfeiture or the criminal forfeiture and waived service of process of any documents filed in any action or any proceedings concerning the $30,000.00 in United States Currency.  This Court also entered a Preliminary Order of Forfeiture as to Jeffery Jelinsky forfeiting the $30,000.00 in United States Currency. CR #10 and CR #12.

4

On February 18, 2009, this Court entered a Plea Memorandum as to Michael Jelinsky in the District of Nevada Court Criminal Case 2:09-CR-28-RLH (GWF), where he agreed to the civil judicial forfeiture or the criminal forfeiture and waived service of process of any documents filed in any action or any proceedings concerning the $30,000.00 in United States Currency. This Court also entered a Preliminary Order of Forfeiture as to Michael Jelinsky forfeiting the $30,000.00 in United States Currency. CR #11 and CR #13.

On March 31, 2010, this Court entered an Order granting the Settlement Agreement, Stipulation for Entry of Order of Forfeiture as to Barbara Jelinsky, and Order. #19.

On March 31, 2010, this Court entered an Order granting the Settlement Agreement, Stipulation for Entry of Order of Forfeiture as to Leigh A. Jelinsky, and Order. #20.

On March 31, 2010, this Court entered an Order granting the Settlement Agreement, Stipulation for Entry of Order of Forfeiture as to Kristie Gulia, and Order. #21.

No person or entity has filed a claim, answer, or responsive pleading within the time permitted by 18 U.S.C.§ 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4)(b) and (5).

On April 14, 2010, the United States filed a Request for Entry of Default, Declaration in Support of Request for Entry of Default, and Proposed Default against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action. #22.

On April 16, 2010, the Clerk of the Court entered a Default against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action. #23.

The allegations of the Verified Amended Complaint are sustained by the evidence and are adopted as findings of fact. The Court concludes as a matter of law that the United States is entitled to the relief requested in the Verified Amended Complaint.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Amended Default Judgment of Forfeiture be entered against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action.

5

1    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that said property be, and the

2 same is hereby forfeited to the United States of America, and no right, title, or interest in the property

3 shall exist in any other party.

4    IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable

5 cause for the seizure or arrest of the defendant property.

6

7                                        _____

8                                        UNITED STATES DISTRICT JUDGE

9                                        DATED:_____April 29, 2010_____

6